IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **MASSOUD "TONY" LATIFI**, <br><br> Defendant. | No. 11-04025-01-CR-C-BCW |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing by video hearing on May 12, 2020. For the reasons set forth below, the Government recommends that the Court impose a sentence of time served, to be followed by three years' supervised release.

### I. BACKGROUND

As detailed in the presentence investigation report (PSR), Massoud Latifi was a naturalized citizen and successful businessman in the Columbia, Missouri area in 2007 when he became the target of a federal investigation. The investigation ultimately revealed that Latifi and his brother were operating businesses that had been shipping nutritional supplements internationally, with an ultimate destination of Iran, in violation of U.S. trade embargoes. To facilitate this highly profitable activity, Latifi had also made false declarations about the intended destination and values of the items on shippers' export declarations. Latifi was aware of the investigation and in negotiations with the Government on a potential plea agreement, but left the country in 2010 without resolving the case. He was ultimately indicted in 2011, and arrested on that indictment in

2019 when he finally returned to the United States. On December 16, 2019, he pled guilty to making false statements on shippers' export declarations in violation of 13 U.S.C. § 305. The Probation Office calculated the advisory Guidelines as follows:

| | |
|---|---:|
| **Base Offense Level § 2M5.1** | **26** |
| **Obstruction of Justice** | **+2** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **25** |

With a criminal history category of I and a statutory maximum of 5 years for this offense, the PSR recommends the advisory Guidelines range to be 57-60 months.

Latifi makes several objections to the Guidelines calculation, three of which are unresolved. First, he objects to the use of the Guidelines at USSG § 2M5.1 and argues that § 2B1.1 better applies to these facts. As the PSR explains, the particular violation to which Latifi pled does not correlate to a specific Guidelines provision, and under these circumstances, USSG § 2X5.1 directs the Court to apply "the most analogous offense guideline," or to apply the provisions of § 3553(a) with reference to any Guidelines or policy statements that can be meaningfully applied. Latifi's conduct as a whole is well described by USSG § 2M5.1, which applies to violations of US trade embargoes. Latifi's suggestion of using § 2B1.1 is also reasonable, since this provision is used for false statements under 18 U.S.C. § 1001. Assessment of the loss in this case, however, is challenging, since the entire scope of the defendant's trade activity and a specific accounting of his profits and losses is unknown and difficult to estimate. Should the Court conclude that § 2B1.1 is the correct Guidelines provision, the Probation Office has made a reasonable estimate of the loss, which would lower the offense level by two levels.

Latifi also objects to the application of a two-level enhancement for obstruction of justice. The Probation Office recommended application of this enhancement due to Latifi's flight and

absence from the country during the pendency of this investigation. As both parties acknowledge, Latifi was aware of the Government's investigation at least as early as 2007, secured counsel, and then engaged in plea negotiations with the Government that were still ongoing when he left the country in 2010. Thereafter, he did not return to the United States until 2019. Latifi acknowledges this timeline, but argues that his conduct did not obstruct or impede an investigation because the investigation must have concluded if the Government was willing to negotiate a plea agreement, and that a prosecution had not been initiated because he was not yet indicted, and therefore he could not have obstructed anything.

Under the Guidelines, the obstruction enhancement should apply when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. Conduct that will generally be considered obstructive includes attempting to escape before trial or sentencing, willfully failing to appear for a judicial proceeding, and providing false statements to law enforcement that significantly obstruct or impede the investigation or prosecution of the offense. USSG § 3C1.1 n.4. On the other hand, false statements that do not significantly obstruct the investigation, and immediate flight at the time of arrest, ordinarily do not trigger the enhancement. USSG § 3C1.1 n. 5. This is an inquiry that turns, not on the specific timing of the obstructive conduct – the Guidelines allow the Court to consider even pre-investigation conduct if it was "purposefully calculated, and likely to thwart the investigation or prosecution," USSG § 3C1.1 n.1 – but on the intent and potential effect of the conduct. This is necessarily a fact-specific inquiry, but the Eighth Circuit has observed that a court "can find that a defendant consciously acts with the purpose of obstructing justice when his misconduct occurs with knowledge of an investigation, or at least with a correct belief that an investigation is probably underway." *United*

*States v. Collins*, 754 F.3d 626, 629-30 (8th Cir. 2014) (internal quotation omitted). For example, the enhancement was correctly applied to a defendant who left the country (purportedly to care for his sick mother) after a complaint had been filed but before indictment, even though he had not failed to appear for any particular hearing, because the defendant "unquestionably knew the authorities were building a case against him," and that "whatever [the defendant's] reasons for initially going to Mexico, they do not explain staying away for years afterward." *United States v. Chavez*, 833 F.3d 887, 889 (8th Cir. 2016). Similarly here, Latifi's initial impetus for leaving the country may or may not have been obstructive, but it is a fair inference that he did not return to his home, businesses, and family for nine years because he hoped to avoid conviction and thwart the Government's investigation and prosecution of his criminal conduct. The Eighth Circuit observed in *Chavez* that "the crux of how [the defendant] obstructed justice was not just that he skipped a particular hearing, but that by living abroad and then resettling across the country he delayed the resolution of his case by almost a decade." *Id*. at 890. Under these circumstances, the enhancement for obstruction of justice was appropriately applied.

Finally, Latifi also advocates use of the Guidelines in effect in 1998, prior to the outset of his criminal conduct, for ex post facto clause reasons. This is flatly in conflict with the Guidelines's direction to apply either the current Guidelines, or, in the event the ex post facto clause compels otherwise, to use the Guidelines Manual in effect on the "last date of the offense of conviction." USSG § 1B1.11 & n.2. The Information to which Latifi pled included conduct from November 2, 2007 and therefore the Probation Office properly used the 2007 Guidelines Manual in calculating the advisory Guidelines range.

4

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly-calculated advisory Sentencing Guidelines range, which the Court must consider along with the other factors listed in 18 U.S.C. § 3553(a) in arriving at the final sentence. USSG § 1.1B1(c). Although a sentencing judge is charged with making an "individualized assessment based on the facts presented," *Gall v. United States*, 552 U.S. 38, 50 (2007), the Guidelines still 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). In this case, the Guidelines are higher than necessary to account for the seriousness of the offense and the risk the defendant poses to the community, and the Government believes the goals of sentencing are appropriately addressed by a sentence of time served.

### A.   *Application of the § 3553(a) Factors*

In addition to the Guidelines, the Court is charged with considering the history and characteristics of the defendant, the need to protect the public from his future crimes, and the nature and circumstances of the current offense. In this case, these factors weight in favor of a sentence below the Guidelines range. Until his departure from the United States in 2010, Latifi had a stable existence in mid-Missouri, where he operated local businesses and raised two children with his wife. He has no criminal history and became a naturalized American citizen in 1995. His criminal conduct in the instant case appears to have been largely motivated by greed, and he is generally low risk to re-offend.

While the defendant is low-risk and the offense is non-violent, this offense involves conduct that undermined an important national interest in regulating and monitoring American export activity. The defendant also delayed resolution of this matter by remaining outside the

United States for the better part of a decade. This is serious conduct that merits a custodial sentence, and the United States submits that the time already served is adequate to address this factor.

The Court is also required to consider what type of sentence will afford adequate deterrence to criminal conduct, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A)-(B). These factors generally weigh in favor of a significant sentence, but in this case are adequately addressed by the recommendation of time served.

In consideration of the offense conduct, the defendant's minimal criminal history, and the overall risk to the public, a sentence of time served appropriately addresses the § 3553(a) factors.

### B. *Recommended Sentence for Monetary Penalties*

The defendant consents to an asset forfeiture allegation, and to the $100 mandatory Special Assessment. The Government is not advocating an additional fine.

### III. CONCLUSION

The Government respectfully submits to the Court that a sentence of time served is sufficient, but not greater than necessary, to achieve justice in this case.

        Respectfully submitted,

        **Timothy A. Garrison**
        United States Attorney

By    /s/

        **Lauren E. Kummerer**
        Assistant United States Attorney
        Arizona Bar No. 023321

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 5, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

/S/
**Lauren E. Kummerer**
Assistant United States Attorney